NOT DESIGNATED FOR PUBLICATION

No. 128,433

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JEFFREY LINSCOTT BAUMANN,
*Appellant*.

MEMORANDUM OPINION

Appeal from Jackson District Court; NORBERT C. MAREK JR., judge. Submitted without oral argument. Opinion filed July 10, 2026. Affirmed.

*Dylan J. Pryor*, of Kansas Appellate Defender Office, for appellant.

*Ethan C. Zipf-Sigler*, assistant solicitor general, and *Kris W. Kobach*, attorney general, for appellee.

Before PICKERING, P.J., ISHERWOOD, J., and ANDREW M. STEIN, District Judge, assigned.

PER CURIAM: Jeffrey Linscott Baumann appeals the district court's determination that he is a violent offender subject to registration under the Kansas Offender Registration Act (KORA), K.S.A. 22-4901 et seq., based on a factual finding that he committed a person felony with a deadly weapon. We find no error by the district court and affirm.

1

FACTUAL AND PROCEDURAL BACKGROUND

On May 24, 2024, Baumann pled no contest to and was convicted of aggravated battery, a severity level 7 person felony in violation of K.S.A. 21-5413(b)(1)(B), arising out of conduct committed on November 30, 2023.The district court made no explicit findings regarding the use of a deadly weapon and did not address violent offender registration with Baumann at the plea hearing.

At sentencing and in addition to its other recommendations, the State requested that the district court find Baumann committed the offense with a deadly weapon and require Baumann to register as a violent offender under KORA. Baumann did not object to the registration requirement and asked the district court to follow the State's recommendation.

Regarding registration as a violent offender, the district court stated:

"[T]he Court does find that this case does require the 15 year registration period in that the Court finds that this was a felony committed with a deadly weapon, i.e., a knife. So you will have that additional requirement. We'll have—there's a form for you to sign before you leave here today that advises you of that. Because you are not going to jail and you are not going to prison here, your registration requirement starts right away."

Baumann appeals.

ANALYSIS

*Preservation*

Baumann did not object to the district court's deadly weapon finding or KORA registration requirements. Instead, Baumann requested the district court follow the State's

recommendation, which included the request for a deadly weapon finding and KORA registration.

Generally, we will not address issues first raised on appeal. However, we may consider a newly raised issue if the party seeking review shows a recognized exception to the general rule. The exceptions are:

"'(1) [T]he newly asserted claim involves only a question of law arising on proved or admitted facts and is finally determinative of the case; (2) the claim's consideration is necessary to serve the ends of justice or to prevent the denial of fundamental rights; or (3) the district court's judgment may be upheld on appeal despite its reliance on the wrong ground or reason for its decision.'" *State v. Allen*, 314 Kan. 280, 283, 497 P.3d 566 (2021).

Baumann's challenge to the registration requirement involves only a question of law arising on proved or admitted facts and is finally determinative of the issue. Further, we note, as Baumann argues, the invited-error doctrine does not bar our review because stipulations to questions of law are not binding on courts. *State v. Stoll*, 312 Kan. 726, 735, 480 P.3d 158 (2021). We therefore exercise our discretion to consider the merits of his challenge.

*Standard of Review*

Baumann argues that he is not an offender as defined under KORA. To resolve this question, we must interpret the applicable statutes. Statutory interpretation raises a question of law subject to de novo review. *State v. Marinelli*, 307 Kan. 768, 788, 415 P.3d 405 (2018). "The most fundamental rule is that the intent of the legislature governs if that intent can be ascertained. [We] must first attempt to ascertain legislative intent through the statutory language enacted, giving common words their ordinary meanings. [Citation omitted.]" *State v. Urban*, 291 Kan. 214, 216, 239 P.3d 837 (2010). When the

language is plain and unambiguous, we do not speculate as to legislative intent and do not read words into the statute. Only when the language is unclear or ambiguous do we employ the canons of statutory construction, consult legislative history, or consider other background information to ascertain the statute. 291 Kan. at 216.

"But even when the language of the statute is clear, we must still consider various provisions of an act *in pari materia* to reconcile and bring those provisions into workable harmony, if possible." *Bruce v. Kelly*, 316 Kan. 218, 224, 514 P.3d 1007 (2022). The doctrine can thus "provide substance and meaning to a court's plain language interpretation of a statute." 316 Kan. at 224.

*Discussion*

K.S.A. 22-4902(e)(2) defines a "'[v]iolent offender,'" in relevant part, as any person who "on or after July 1, 2006, is convicted of any person felony and the court makes a finding on the record that a deadly weapon was used in the commission of such person felony." Under K.S.A. 22-4904(a)(1)(A): "At the time of conviction or adjudication for an offense requiring registration as provided in K.S.A. 22-4902, and amendments thereto, the court shall: (A) Inform any offender, on the record, of the procedure to register and the requirements of K.S.A. 22-4905, and amendments thereto."

Baumann's sole argument on appeal is that he is not a violent offender under KORA because the district court did not make the deadly weapon finding at the time of conviction but, instead, did so at sentencing. Baumann acknowledges that K.S.A. 22-4902(e)(2) contains no timing requirement for the deadly weapon finding. Rather, he points to the district court's obligation to inform him of registration requirements at the time of conviction under K.S.A. 22-4904(a)(1)(A). He argues that, because the offender determination is a prerequisite to the district court's advisory obligation, logic dictates that the offender determination, and the underlying deadly weapon finding, must also

4

occur at the time of conviction. This argument hinges on the proposition that the timing requirement of the district court's advisory obligation is mandatory.

Baumann's argument breaks down in the face of the Supreme Court's construction of KORA's advisory timing requirement in *Marinelli*. After determining that the meaning of the word "shall" in K.S.A. 22-4904(a)(1)(A) was not plain, the *Marinelli* court concluded the legislative context and history "suggests the timing is to help ensure offenders know of their registration obligations." 307 Kan. at 790. In identifying the timing as a "statutory directive," the court determined that "[n]o provision in KORA creates a consequence for the failure to inform a defendant at the appropriate time." *Marinelli*, 307 Kan. at 790.

It follows, then, that we cannot accept Baumann's invitation to read K.S.A. 22-4904(a)(1)(A)'s advisory timing requirement into K.S.A. 22-4902(e)(2). Because the timing provision is directory rather than mandatory, the two statutes operate in workable harmony under the plain language interpretation of K.S.A. 22-4902(e)(2) so that the district court can make the requisite deadly weapon finding at any time. Therefore, we do not read a timing requirement into the statute. See *State v. Ervin*, 320 Kan. 287, 310, 566 P.3d 481 (2025).

This conclusion comports with the Supreme Court's analysis of this issue. When previously faced with the situation where a district court did not make the requisite deadly weapon finding at the time of conviction, but later at sentencing, the Supreme Court determined that the requirements of K.S.A. 22-4904(a)(1)(A) must yield. See *State v. Carter*, 311 Kan. 206, 210-11, 459 P.3d 186 (2020); *Marinelli*, 307 Kan. at 788-89. In both cases, the Supreme Court found that the district court's deadly weapon finding in the journal entry of sentencing was sufficient to render the defendant a violent offender and trigger registration requirements. See *Carter*, 311 Kan. at 211; *Marinelli*, 307 Kan. at 788-89.

5

In determining that late notice of registration is not automatically fatal to a defendant's duty to register, the Supreme Court specifically left open the possibility that actual prejudice to the defendant could change the outcome. *Marinelli*, 307 Kan. at 791. However, Baumann does not assert any actual prejudice, and the record reveals none. By operation of KORA, Baumann's duty to register did not arise until he became a violent offender, which occurred when Baumann was both convicted of a "person felony *and* the court [made] a finding on the record that a deadly weapon was used . . . ." (Emphasis added.) K.S.A. 22-4902(e)(2). Because the district court made the deadly weapon finding at sentencing, Baumann's duty to register did not arise until then, at the same time he was advised of that duty. As such, Baumann was not prejudiced by the timing of the deadly weapon finding and notice of his duty to register. Without a showing of actual prejudice, the Supreme Court's holdings in *Carter* and *Marinelli* control. We are duty-bound to follow Supreme Court precedent unless there is some indication that the Supreme Court is departing from its previous position. *State v. Patton*, 315 Kan. 1, 16, 503 P.3d 1022 (2022).

Baumann cites the concurrence of two Kansas Supreme Court justices setting forth their view that factual findings necessary to render a defendant an offender under KORA must be made at the time of conviction. See *State v. Unruh*, 320 Kan. 260, 268, 565 P.3d 825 (2025) (Stegall and Wall, JJ., concurring). However, Justices Stegall and Wall's concurring opinion in *Unruh* indicates that only they are departing from *Carter* and *Marinelli*, not a majority of the Supreme Court. We therefore remain duty-bound to follow *Carter* and *Marinelli*. See *Patton*, 315 Kan. at 16.

*Conclusion*

The district court made a finding on the record that Baumann committed a person felony and that a deadly weapon was used in the commission of that felony. Based on the plain language of K.S.A. 22-4902(e)(2), Baumann meets the definition of a violent

offender under that statute. The district court's failure to make the deadly weapon finding and inform Baumann of his duty to register at the time of conviction does not absolve him of the duty to register. Therefore, the district court did not err.

Affirmed.